AO 472  (Rev. 09/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No.  4:19 CR 861 SRC (SPM) |
| TORRENCE WEAVER ) | 4:19 MJ 1426 JMB |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; ***and***

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; ***and***

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; ***and***

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☒ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☒ The defendant has not introduced sufficient evidence to rebut the presumption above.

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☒ Prior criminal history
☒ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☒ History of alcohol or substance abuse
☒ Lack of stable employment
☐ Lack of stable residence
☒ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district
☐ Significant family or other ties outside the United States

☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☒ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

**OTHER REASONS OR FURTHER EXPLANATION:**

At the detention hearing, the parties had no objection to the factual background information set forth in the Pretrial Services Bail Report dated 10/3/2019. The undersigned adopts and incorporates by reference herein the facts set out in that Report. The parties proffered additional information which the undersigned has considered. Pretrial Services recommends detention.

Defendant is charged with serious violent and drug trafficking offenses. Therefore, the government's detention motion in this case is aided by a rebuttable presumption that no condition or combination of conditions will reasonably assure Defendant's appearance as required and the safety of the community. In response to this presumption, a defendant must produce some evidence that there are conditions of release that will reasonably assure that he will not flee and will not pose a danger to the community. In this regard, however, the burden of proof remains with the government, and at all times Defendant retains his constitutional presumption of innocence. See United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003) ("'In a presumption case … a defendant bears a limited burden of production—not a burden of persuasion—to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight.'") (quoting United States v. Mercedes, 254 F.3d 433, 436 (2nd Cir. 2001)). Moreover, even if a defendant meets his burden of production, "the presumption favoring detention does not disappear, but remains for consideration." Abad, 350 F.3d at 797. Further, the undersigned may also consider Congress's finding that drug traffickers pose special risks of flight and a danger to the community.

**\*\* CONTINUED ON ATTACHED SHEET(s) \*\***

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:     10/11/2019                              /s/ John M. Bodenhausen
                                                  UNITED STATES MAGISTRATE JUDGE

**OTHER REASONS OR FURTHER EXPLANATION:** (continued)

Defendant was initially charged by complaint with drug trafficking and a firearms offense. The Court initially set the detention in this matter for October 4, 2019. At that time, Defendant's attorney requested a continuance so that she could investigate the circumstances associated with Defendant's probation status in Arkansas. The detention hearing was continued until October 10, 2019.

At the October 10th detention hearing, Defense Counsel represented that, in September 2018, Defendant received a suspended imposition of sentence in Arkansas, with a 2-year term of unsupervised probation that could be extended to 120 months. Defense Counsel proffered that she contacted a lawyer in Arkansas who advised, in substance, that it would be hard to predict whether Defendant's probation would be revoked. Defendant asked for release on bond, noting that he has a stable home with his fiancé and their two-year-old child. Defendant acknowledged his substance abuse and prior failure to appear, but he believes those concerns would be managed with conditions of release.

The government represented that the Grand Jury had returned a true bill and that Defendant had been indicted on the same charges reflected in the original complaint. [The undersigned confirmed the Indictment after the hearing.] The government persisted in its request for pretrial detention. The government proffered facts and circumstances demonstrating the strength of its evidence. That evidence included a controlled purchase of 185 gm of methamphetamine in late September 2019. That purchase was recorded. Agents executed a search warrant at Defendant's residence on October 1, 2019. Defendant was arrested and found to be in possession of a loaded handgun as well as heroin and methamphetamine packaged for distribution. Defendant reportedly admitted that the drugs and gun belonged to him.

The undersigned finds that Defendant did not proffer enough facts to fully rebut the presumption favoring detention. In particular, Defendant offered insufficient information insofar as the presumption relates to his continued danger to the community. Even if Defendant has offered sufficient facts to fully rebut the presumption, based on the entire record before the Court, the undersigned concludes that there is no condition, or combination of conditions, that would ensure Defendant's appearance as well as the safety of the community.

Defendant is currently on probation for felon drug distribution in Arkansas.[1] For the limited purpose of deciding the issue of release or detention pending trial, the undersigned finds that the weight of the government's evidence is particularly strong—it includes a recorded narcotics transaction, a search warrant, and statements of Defendant. Additionally, Defendant is unemployed; his fiancé reported that she does not know how he supports himself. The record also supports a conclusion that Defendant's proffered residence was used in connection with his narcotics trafficking activities. This connection is made even more concerning because

there is reportedly a toddler living at that residence.  Defendant is daily user of cannabinoids and a weekly user of ecstasy.

    Based on the record before the Court, the undersigned concludes that the government has met its burden of proof.  There is no condition, or combination of conditions, that would reasonably ensure the safety of the community or Defendant's appearance if released.  The government's motion for pretrial detention is granted.

---

[1] Although Defendant proffered that his probation in Arkansas may not be revoked, Pretrial Services reported that staff in the prosecutor's office in Arkansas indicated that the prosecutor would likely seek to revoke Defendant's probation.